UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:10-cr-00350-KJM-3 |
| Plaintiff, | ORDER |
| v. | |
| Veraniquie Wallace, | |

Defendant Veraniquie Wallace has filed a motion for early termination of supervised release. Mot., ECF No. 86. The government opposes. Opp'n, ECF No. 94. Ms. Wallace's probation officer supports her motion. For the reasons below, the court **grants the motion**.

I.   BACKGROUND

In June 2011, following a grand jury indictment, ECF No. 1, Ms. Wallace pled guilty to one count of sex trafficking of a minor by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), *see* Minutes (June 2, 2022), ECF No. 37; Plea Agreement, ECF No. 42. That fall, the court sentenced Ms. Wallace to 60 months in prison followed by 120 months of supervised release. Minutes for Sentencing (Sept. 29, 2011), ECF No. 54; Judgment and Commitment, ECF No. 66.

Ms. Wallace's term of supervised release began in October 2014, following less than 40 months in prison. Mot. at 1. In 2014 and 2016, this court granted two requests by the Probation Office to modify the terms of her release, directing Ms. Wallace to participate in both a program

1

of outpatient mental health treatment, Pet. (Nov. 19, 2014), ECF No. 75, and a sex offender treatment and therapy program, Prev. Order (July 28, 2016), ECF No. 76.  Ms. Wallace filed a motion for early termination of supervised release in April 2022.  *See generally* Mot.  Ms. Wallace is approaching her eighth year of supervised release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release any time after the defendant has served a year under such supervision if it is satisfied that the "action is warranted by the conduct of the defendant and the interest of justice."  The Ninth Circuit has held this provision's "expansive phras[ing]" provides the court with "discretion to consider a wide range of circumstances" in deciding whether to grant early termination.  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  The Circuit has further clarified that early termination does not require "exceptional or extraordinary circumstances" or "exceptionally good behavior," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), or a showing of undue hardship.  *Emmett*, 749 F.3d at 821.

In deciding whether to grant early termination, the court is guided by a consideration of the factors specified in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a) (4), (a)(5), (a)(6) and (a)(7), which concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for payment restitution, if any.  *United States v. Weintraub*, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  It is the offender's burden to demonstrate the propriety of early termination.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The federal judiciary's administrative policies provide that, at 18 months of supervision, "there is a presumption in favor of recommending early termination for persons who meet

/////

/////

[certain] criteria." *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(c), "Early Termination" (rev'd 2018).[1] These criteria include:

> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. sec. 994(h)) or has not committed a sex offense or engaged in terrorism; 2. The person presents no identified risk of harm to the public of victims; 3. The person is free from any court-reported violations over a 12-month period; 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision; 5. The person is in substantial compliance with all conditions of supervision; and 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* After 18 months, "higher risk persons under supervision who have demonstrated a reduction in risk . . . and who are in substantial compliance with the [above factors] must be considered for early termination." *Id.* at § 360.20(d).

### III. DISCUSSION

The government's opposition rests on two arguments. First, the government argues Ms. Wallace does not explain "why she wants or needs" her supervision to end early, nor does she point to any "new or changed circumstances as a potential basis for early termination . . . ." Opp'n at 6. Second, the government argues the "nature and circumstances of Wallace's sex trafficking offense," specifically her "directing, managing, advertising, transporting, harboring, and producing child sexual abuse material . . . of a 14-year-old child for the purpose engaging her in commercial sex," disfavor early termination. *Id.*

In response to the government's first objection, defendants seeking early termination need not justify their request by pointing to undue hardship caused by supervised release. *See Emmett*, 749 F.3d at 821. Turning to the government's second objection, Ms. Wallace does not dispute the "repugnant" nature of her conviction offenses. *See* Reply at 1. However, focusing on the factors a court considers in determining whether early termination is warranted here, taking account of the fact that Ms. Wallace committed a sex offense, the record before the court indicates

---

[1] Available at https://jnet.ao.dcn/sites/default/files/pdf/Vol8E.pdf (last accessed June 21, 2022).

3

Ms. Wallace has been in "substantial compliance with" the applicable factors. *Guide to Judiciary Policy* § 360.20(c); *id.* § 360.20(d) (cross-referencing § 360.20(c)(2)-(6)).

Here, the § 3553 factors and Judicial Conference guidance both favor early termination of Ms. Wallace's supervised release. There is no indication Ms. Wallace presents an "identified risk of harm" to any other person. *Guide to Judiciary Policy* § 360.20(d). Ms. Wallace has complied with all terms of her supervised release since being released from custody in 2014. Mot. at 3. Ms. Wallace is also in "substantial compliance with all conditions of supervision," and is engaging in "appropriate prosocial activities and receiv[ing] sufficient prosocial support to remain lawful" once her term of supervision ends. *Guide to Judiciary Policy* § 360.20(d). As her Probation Officer has reported to the court, Ms. Wallace regained custody of two of her children after her release and has supported them as they endeavor to graduate from high school and college. Ms. Wallace also serves as a caregiver for two sets of twins born to a third child, the oldest, and has even served as legal guardian for the infants. Ms. Wallace's wife, whom she married in 2019, is employed full time. The Probation Officer has made regular and frequent visits to Ms. Wallace's home for almost five years and has observed Ms. Wallace caring for her grandchildren. The Probation Officer also reports that Ms. Wallace attends weekly sessions with a mental health counselor and notes these services would not end if her supervision were terminated. For all of these reasons, Ms. Wallace has "demonstrated a reduction in risk" as also required for "higher risk persons." *Guide to Judiciary Policy* § 360.20(d).

The court's analysis takes further account of the sentencing factors set out in 18 U.S.C. § 3553, including the forward-looking factors of rehabilitation, deterrence and public safety, without focusing solely on the severity of a defendant's past crimes. Ms. Wallace's current Post Conviction Risk Assessment (PCRA) is 6, or low/moderate risk, with four of her six points attributable to her criminal history. The remaining two points are because she is unemployed due to a disability and because she has no high school diploma (despite her GED) or higher education or vocational programming. Ms. Wallace's violence category is 1. These factors have all led the probation officer to conclude Ms. Wallace is deserving of early termination. The court does not discount the egregious nature of Ms. Wallace's conviction

4

offenses, but gives great weight to the Probation Officer's professional assessment and conclusion that Ms. Wallace is rehabilitated, and finds the relevant legal factors also weigh in favor of termination.

### IV.  CONCLUSION

Because careful application of the § 3553 factors and federal judiciary guidance both favor early termination of defendant's supervised release, the court **grants** the motion.

This order resolves ECF No. 86.

IT IS SO ORDERED.

DATED: July 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE